UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAUN RUSHING,

                    Plaintiff,

          -against-

EXTRA SPACE STORAGE,

                    Defendant.

21-CV-9113 (LTS)

ORDER OF DISMISSAL AND
TO SHOW CAUSE UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is a resident of Grand Rapids, Michigan, brings this action *pro se*. By order

dated November 4, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis*

("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons

set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff submits this one-page, unsigned complaint regarding events that took place in Michigan, where he resides.

A search of the Public Access to Court Electronic Records ("PACER") database shows that by order dated July 31, 2007, the Honorable Robert Holmes Bell of the United States District Court for the Western District of Michigan determined that Plaintiff had filed 27 civil rights actions that contained allegations that were "indisputably meritless" in a single month under three different names.[1] Based on Plaintiff's litigation history, Judge Bell permanently

---

[1] With respect to his identity, the Western District of Michigan noted that according to the Michigan Department of Corrections Offender Tracking Information System (OTIS), Plaintiff's name is Alexis Legree, and he has several known aliases, including Shaun Rushing and Bilbo Grant. *Rushing v. Wyoming Police Dep't*, No. 07-CV-0711 (RHB), Doc. 5, at 8 n.1 (W.D. Mich. July 31, 2007).

enjoined Plaintiff from filing any future actions IFP in that court. *Rushing v. Wyoming Police Dep't*, No. 07-CV-0711, Doc. 5 (W.D. Mich. July 31, 2007). PACER also shows that, by order dated March 18, 2021, Magistrate Judge Ray Kent of the United States District Court for the Western District of Michigan rejected three complaints that Plaintiff attempted to file in that court. *See In re RESTRICTED FILER Shaun Rushing*, No. 1:21-MC-2021, Doc. 40 (W.D. Mich. Mar. 18, 2020). By order dated March 29, 2021, Magistrate Judge Phillip J. Green rejected another complaint that Plaintiff attempted to file. *See id.*, Doc. 44. By order dated April 6, 2021, Magistrate Judge Phillip J. Green rejected another complaint that Plaintiff attempted to file in that court. *See id.*, Doc. 48.[2]

On April 9, 2021, Plaintiff filed a complaint in this Court and, by order dated April 26, 2021, the Court dismissed that action as frivolous. *See Rushing v. U.S. District Court*, ECF 1:21-CV-3200, 4 (S.D.N.Y. Apr. 26, 2021). On July 15, 2021, Plaintiff filed nine one-page complaints regarding events that took place in Michigan, and the Clerk of Court opened Plaintiff's complaints as one civil action under docket number 21-CV-6149. The Court dismissed the complaints without prejudice for improper venue, declined to transfer the cases to the United States District Court for the Western District of Michigan, and warned Plaintiff that further nonmeritorious litigation in this Court will result in an order barring Plaintiff from filing new actions IFP without prior permission pursuant to 28 U.S.C. § 1651. *See Rushing v. Meyers Groceries Stores, Inc.*, ECF 1:21-CV-6149, 5 (S.D.N.Y. Aug. 17, 2021).

---

[2] PACER also shows that, by orders dated April 13, 2021, April 14, 2021, and May 4, 2021, Magistrate Judge Sally J. Behrens rejected additional complaints that Plaintiff attempted to file in the Western District of Michigan. *See id.*, Docs. 52, 54, 66.

On November 3, 2021, Plaintiff filed the complaint in this action. This complaint appears "indisputably meritless," much like the complaints filed in the Western District of Michigan, and the prior complaints filed in this Court.

## DISCUSSION

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff filed this complaint regarding events occurring exclusively in Michigan. Plaintiff does not allege that a substantial part of the events or omissions underlying his claims arose in this District or that any defendant resides in this District. Venue is therefore not proper in this Court under section 1391(b)(1) or (2).

In light of Plaintiff's litigation history and the similarity of his complaint in this case to the dismissed complaints in this Court and in the Western District of Michigan, the Court finds that it is not in the interest of justice to transfer this matter to the United States District Court for the Western District of Michigan. Instead, the Court dismisses this complaint without prejudice.

4

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action without prejudice for improper venue. *See* 28 U.S.C. § 1406(a).

## ORDER TO SHOW CAUSE

In light of Plaintiff's litigation history, as detailed above, Plaintiff is ordered to show cause why he should not be barred from filing any further actions IFP in this Court without first obtaining permission from this Court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Within thirty days of the date of this order, Plaintiff must submit to this Court a declaration setting forth good cause why the Court should not impose this injunction upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions IFP in this Court unless he first obtains permission from this Court to do so. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's complaint is dismissed without prejudice for improper venue. *See* 28 U.S.C. § 1406(a). Plaintiff shall have thirty days from the date of this order to show cause by declaration why an order should not be entered barring Plaintiff from filing any future action IFP in this Court without prior permission. A declaration form is attached to this order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is instructed to leave this matter open on the docket until judgment is entered.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   November 5, 2021
         New York, New York

                                      /s/ Laura Taylor Swain
                                     _____
                                       LAURA TAYLOR SWAIN
                                   Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| | |
|---|---|
| Executed on (date) | Signature |
| Name | Prison Identification # (if incarcerated) |
| Address | City        State        Zip Code |
| Telephone Number (if available) | E-mail Address (if available) |